IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Flexible Technologies, Inc., | ) | |
| | ) | Civil Action No. 8:17-cv-00117-DCC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| SharkNinja Operating LLC, SharkNinja | ) | |
| Management Company, and SharkNinja | ) | |
| Sales Company | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on a motion to dismiss or transfer due to improper venue, and/or to dismiss for failure to state a claim, filed by SharkNinja Management Company, SharkNinja Operating LLC, and SharkNinja Sales Company (hereinafter "Defendants"). [Doc. 16.] Plaintiff alleges a claim for patent infringement and a violation of the Defend Trade Secrets Act[1] under federal law, and claims for trade secret misappropriation, breach of contract, and other violations of state law. [Doc. 1.]

Plaintiff commenced this action by filing a Complaint on January 13, 2017. [Doc. 1.] On June 5, 2017, Defendants filed a motion to dismiss for improper venue or transfer venue and to dismiss for failure to state a claim. [Doc. 16.] Plaintiff filed a response in opposition on June 19, 2017 [Doc. 21], and Defendants filed a reply on June 26, 2017 [Doc. 27]. Accordingly, the motion is ripe for review. Defendants' motion has been referred to

---

[1] Plaintiff alleges a violation of the Defend Trade Secrets Act ("DTSA") 18 U.S.C. § 1836, which creates a private cause of action in favor of the "owner of a trade secret that is misappropriated . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The DTSA provides for jurisdiction in the district courts of the United States.

the undersigned United States Magistrate Judge for consideration pursuant to the Order

of the Honorable Timothy M. Cain dated July 20, 2017. [Doc. 30.]

## BACKGROUND

Plaintiff, Flexible Technologies, Inc., ("FTI"), alleges that it is organized and exists

under the laws of Delaware and has a principle place of business in Abbeville, South

Carolina. [Doc. 1 at ¶ 1.] Plaintiff also alleges that Defendants are all organized and exist

under the laws of Delaware and have principle places of business in Newton,

Massachusetts. [*Id.* at ¶¶ 2–4.] Plaintiff alleges the Court has subject matter and personal

jurisdiction over the parties and subject matter of the complaint and that venue is proper

under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because

> acts of patent infringement have been committed in this
> District, a substantial part of the property at issue in this action
> is situated in this District, Defendants are subject to personal
> jurisdiction in this District and agreed to submit to the
> jurisdiction of courts in South Carolina, and some of the events
> giving rise to FTI's claims occurred here. In addition, venue is
> proper because FTI is headquartered in this District, has
> offices and substantial employees in this District, and has
> suffered and is suffering harm in this District. Furthermore, at
> least some inventors of the asserted patents are residents of
> this District.

[*Id.* at ¶ 10.]

FTI alleges Defendants have directly infringed United States Patent No. 7,156,127,

entitled "Current Carrying Stretch Hose" (the "'127 patent"), by making, using, selling,

offering to sell, and/or importing within the United States, without authority, certain vacuums

utilizing certain current-carrying self-retracting stretch hoses. [*Id.* at ¶¶ 35, 38.] FTI also

alleged Defendants have indirectly infringed the '127 patent by actively inducing one

another and their respective customers to directly infringe the patent by making, selling,

2

importing and/or using certain current-carrying self-retracting stretch hoses. [*Id.* at ¶ 42.] Further, FTI alleges that Defendants have misappropriated trade secrets in violation of a confidentiality agreement between the parties [*id.* at ¶¶ 51, 61], and have breached the confidentiality agreement [*id.* at ¶ 70.] FTI alleges that Defendants' conduct constitutes a breach of the covenant of good faith and fair dealing[2] [*id.* at ¶ 75] and resulted in their unjust enrichment [*id.* at ¶ 79.]

## APPLICABLE LAW

### Rule 12(b)(3)

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, parties are permitted to file motions to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3); *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 209 (4th Cir. 2007). To grant a motion under Rule 12(b)(3), the court must find that venue is improper. *See* Fed. R. Civ. P. 12(b)(3). "'When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper.'" *Ameristone Tile, LLC v. Ceramic Consulting Corp., Inc.*, 966 F. Supp. 2d 604, 616 (D.S.C. 2013) (brackets omitted) (*quoting Butler v. Ford Motor Co.*, 724 F. Supp. 2d 575, 586 (D.S.C. 2010)). However, the plaintiff is required "to make only a prima facie showing of proper venue in order to survive a motion to dismiss." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012) (*citing Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)). "In assessing whether there has been a prima facie venue showing, [the court] view[s] the facts in the light most favorable to the plaintiff."

---

[2] As Defendants point out, South Carolina law does not recognize a claim for breach of a covenant of good faith and fair dealing as an independent cause of action separate from a claim for breach of contract. *RoTec Servs. v. Encompass Servs.*, 359 S.C. 467, 473, 597 S.E. 2d 881, 884 (Ct. App. 2004).

*Id.* (*citing Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 224 (2d Cir. 2011)).  Moreover, "[o]n a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings." *Id.* at 365-66 (*citing Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)).

A case filed in an improper venue must be dismissed, or, if it is in the interest of justice, transferred to a district in which it could have been brought.  28 U.S.C. § 1406(a). Under the general venue statute, a civil action may be brought, and venue is proper, in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

### Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." *Federal Trade Comm'n v. Innovative Mktg.*, 654 F. Supp. 2d 378, 384 (D.Md. 2009); *see Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.")  Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, under Rule 9(b), in alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Finally, "[i]f an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Moreover, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Thus, "[i]n ruling on a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (internal quotations omitted). Furthermore, "a court may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." *Id.*

5

## DISCUSSION

Defendants contend that, in light of *TC Heartland, LLC. V. Kraft Foods Group Brands, LLC*, 581 U.S. __, 137 S. Ct. 1514 (2017), venue for Plaintiff's claim for patent infringement is improper in this District under 28 U.S.C. § 1400(b), because none of the Defendants are incorporated under the laws of the State of South Carolina and none of the Defendants have "a regular and established place of business" in this District. [Doc. 16-1 at 1.] Defendants contend the case should be dismissed or, in the alternative, transferred to the District of Massachusetts where Defendants have their headquarters and where the alleged wrongful acts took place. [*Id.* at 2.] Additionally, Defendants argue that venue is improper in this District with respect to Plaintiff's state law claims because the Court does not have personal jurisdiction over the Defendants. [*Id.* at 4.]

## 1.     Venue under 28 U.S.C. §1400(b)

Venue in civil actions is generally governed by 28 U.S.C. § 1391. Patent cases, however, have their own specific venue statute—28 U.S.C. § 1400(b). The patent venue statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement *and* has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). In *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226, the Supreme Court concluded that, for purposes of § 1400(b), a domestic corporation "resides" only in its State of incorporation and that the amendments to § 1391 broadening the definition of corporate "residence" did not modify the meaning of "reside" as used in § 1400(b). *Fourco Glass Co.*, 353 U.S. at 226 ("We hold that [28 U.S.C. § 1400(b)] is the sole and exclusive provision controlling venue in patent infringement actions, and that it is

not to be supplemented by the provisions of [28 U.S.C. § 1391(c)]."); *see also TC Heartland LLC.*, 137 S.Ct. at 1514–15. "[I]n determining whether a corporate defendant has a regular and established place of business in a district, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985). As noted, Plaintiff bears the burden of establishing proper venue. *Butler v. Ford Motor Co.*, 724 F. Supp. 2d 575, 586 (D.S.C. 2010).

### a.    Propriety of Venue for Patent Infringement Claim

As state above, Plaintiff alleges in its Complaint that Defendants are all organized and exist under the laws of Delaware and have principle places of business in Newton, Massachusetts. [Doc. 1 at ¶¶ 2–4.] Thus, for purposes of the patent venue statute, the Defendants "reside" in Delaware, which is the State of incorporation for each Defendant. The Supreme Court has clearly stated "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC*, 137 S. Ct. at 1517. Thus, to the extent that venue is based on the residence of each Defendant, venue is improper in this District because the Defendants do not reside in the State of South Carolina.

The inquiry does not end here, however, because venue may also be proper where the Defendants have "committed acts of infringement *and* ha[ve] a regular and established place of business." 28 U.S.C. § 1400(b). Nevertheless, despite its burden to demonstrate proper venue, Plaintiff does not allege facts showing that Defendants have a regular and established place of business in South Carolina. Defendants, on the other hand, aver that, at all times material to this case, none of the Defendants has ever:

7

- Owned or leased any property, real or personal, in South Carolina;

- Maintained an office, a telephone listing or bank account in South Carolina;

- Performed or had performed for them any administrative functions or maintained corporate records in South Carolina;

- Had a shipping or distribution center in South Carolina;

- Had a company or board meeting in South Carolina; or

- Paid taxes in South Carolina.

[Doc. 16-2, Declaration of Erik Barnard ("Barnard Decl.") ¶ 6).  The mere fact that a domestic corporation "does business" in a particular state is not enough to satisfy the "regular and established place of business" requirement under the venue statue.  *See e.g., Mastantuono v. Jacobsen Mfg. Co.*, 184 F. Supp. 178, 180 (S.D.N.Y. 1960); *American Cyanamid Co. v. Nopco Chemical Co.*, 388 F.2d 818 (4th Cir. 1968).  Indeed, the Supreme Court in *Heartland* noted, in that case, venue was improper in the District Court for the District of Delaware, even though the Defendant shipped the allegedly infringing products into the State of Delaware, because the Defendant did not have a regular and established place of business in that State as required by the statute.  *TC Heartland LLC,* 137 S. Ct. at 1517.  Accordingly, venue over Plaintiff's patent infringement claim is clearly not proper in this Court under 28 U.S.C. § 1400(b).  *See Precision Fabrics Grp., Inc. v. Tietex Int'l*, Ltd., No. 1:13-cv-645, 2017 WL 5176355, at *10 (M.D.N.C. Nov. 7, 2017); *In re Cray Inc.*, 871 F.3d at 1360 (Fed. Cir. 2017).

   **b.    Propriety of Venue for All Remaining Claims**

Plaintiff, seemingly conceding its inability to meet the requirements to demonstrate proper venue under § 1400(b) for its patent infringement claim, counters that its other claims, which are premised on Defendants' misappropriate of FTI's trade secrets, should be severed from the patent infringement claim and governed by the forum selection clause in the parties' confidentiality agreement. [Doc. 21 at 17.] Thus, Plaintiff contends, if this District is an improper venue for the patent infringement claim, only that claim should be transferred, and the Court should sever the remaining claims, permitting Plaintiff to litigate those claims in this Court. [*Id.* at 17–31.] The Court disagrees.

To begin, in a case with multiple claims and multiple defendants, the Plaintiff bears the burden to establish that venue is proper as to each claim and as to each defendant. *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.*, 784 F.Supp. 306, 316 (D.S.C. 1992). Plaintiff asserts that § 1391(b)(1) is applicable here and that Defendants are subject to the court's personal jurisdiction pursuant to § 1391(c)(2). [Doc. 21 at 21–22.] The Court notes that § 1391(b) was revised, effective December 1, 1990, pursuant to the Judicial Improvements Act of 1990, Pub.L. No. 101–650, Sec. 311 of Title III, to avoid some of the difficulties associated with the prior "weight of the contacts" test used for venue. *See Sidco Indus., Inc. v. Wimar Tahoe Corp.*, 768 F.Supp. 1343, 1346 (D.Or.1991). Under the test that developed applicable after this revision, the Court is directed to look only to where a substantial part of the events and omissions giving rise to the claim occurred. *See Magic Toyota*, 784 F.Supp. at 317.

Congress again revised the venue statute in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the FCJVCA), which applies to federal civil cases filed on or after January 6, 2012. Pub. Law No. 62, 125 Stat. 758. Among other changes, the

FCJVCA combined the venue provisions for diversity cases and federal question cases into a single unified provision; however, the 2011 amendment left § 1400(b) unaltered. *Brantley v. Luxottica Retail N. Am., Inc.*, No. 14-CV-0561-MJR-DGW, 2014 WL 4370848, at *2 (S.D. Ill. Sept. 3, 2014). Accordingly, 28 U.S.C. 1391(b) now provides, in pertinent part, that a civil action may be brought in:

> (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

> (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, venue in this District cannot be premised on § 1391(b)(1) because none of the Defendants reside in South Carolina, as noted above. Likewise, venue in this District is not proper under § 1391(b)(3) because this action could have been brought in the District of Delaware, where all of the Defendants are considered to reside, or in the District of Massachusetts, where all of the Defendants are headquartered. Accordingly, at issue is whether venue in South Carolina lies under subsection (2), and specifically, whether " a substantial part of the events or omissions giving rise to [FTI's] claim occurred" in South Carolina.

In considering § 1391(b)(2), venue will be proper only if a *substantial part of the events* giving rise to Plaintiff's claims for breach of contract and trade secret theft occurred in South Carolina, or if a *substantial part of property* that is the subject of the action is

situated in South Carolina.  "The test for determining venue [under § 1391(b)] is not the

defendant's 'contacts' with a particular district, but rather the location of those 'events or

omissions giving rise to the claim.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d

291, 294 (3d Cir. 1994); *see also Zike, LLC v. Catalfumo*, No. 6:11-1841-TMC, 2012 WL

12867973, at *3 (D.S.C. Feb. 29, 2012) ("'The statutory standard for venue focuses not on

whether a defendant has made a deliberate contact—a factor in the analysis of personal

jurisdiction—but on the location where events occurred.'" (*quoting MTGLQ Inv'rs, L.P. v.

Guire*, 286 F. Supp. 2d 561, 565 (D. Md. 2003))).   In general, "in determining whether

events or omissions are sufficiently substantial to support venue under the amended

statute, a court should not focus only on those matters that are in dispute or that directly

led to the filing of the action.  Rather, it should review 'the entire sequence of events

underlying the claim.'" *Mitrano,* 377 F.3d 402, 405 (4th Cir. 2004) (internal citation omitted).

Plaintiff contends that both a substantial part of the events giving rise to its claims

occurred in South Carolina and that a substantial part of property that is the subject of the

action is situated in South Carolina.  Plaintiff alleges:

(1)    FTI resides in South Carolina and researched and developed
       the trade secrets at issue in South Carolina, thus, a substantial
       part of the property subject to the action is in South Carolina
       [Doc. 21 at 26, 28];

(2)    Defendants currently improperly use FTI's trade secrets in the
       accused products, which are undisputedly sold in South
       Carolina [*id.* at 28];

(3)    Defendants also misappropriated FTI's trade secrets when it
       visited FTI's South Carolina facility and in numerous emails
       sent from FTI to South Carolina  [*id.* at 28]; and

      (4)     Defendants signed a Visitor's Confidentiality Agreement which subjected it to personal jurisdiction in South Carolina  [*id.* at 29].

Defendants contend, on the other hand, that the events giving rise to Plaintiff's claims and the property that is the subject of the action are located in Massachusetts.    Defendants allege:

      (1)     On at least four occasions – October 3, 2012, December 18, 2012, January 11, 2013, and March 20, 2013 – FTI representatives met with Defendants' representatives: once in Omachron's office in Canada and three times at Defendants' offices in Massachusetts.  [Doc. 16-1 at 6, 15];

      (2)     Meetings occurred between the parties during visits by FTI to Defendants' office in Massachusetts, which included meetings with various FTI representatives  [*id.* at 6];

      (3)     Only on one occasion – November 5, 2013, nearly a year after the parties began their discussions – did anyone (and only one person) from Defendants visit FTI's offices and facilities in South Carolina and sign a Visitor's Confidentiality Agreement consenting to jurisdiction in South Carolina with regard to any breaches of that agreement [*id.* at 15];

      (4)     FTI transferred the property that is the subject of this action, *i.e.*, alleged trade secrets and confidential information FTI asserts were misappropriated, to Defendants in Massachusetts [*id.* at 17]; and

      (5)     Defendants accused product was designed and developed in Massachusetts and in China [*id.* at 19].

Defendants contend that they have not purposefully availed themselves of the privilege of doing business in South Carolina, and that any alleged misappropriation of trade secrets occurred in Massachusetts or, arguably, in China, where Defendants conducted testing on sample hoses, but not in South Carolina.  [*Id.* at 13–14].

Upon applying the law and facts as outlined above, although some action did take place in this District, the overwhelming majority of actions occurred in Massachusetts. Additionally, the facts seem to indicate that a substantial part of the property at issue (*i.e.*, the accused product) is, likewise, in Massachusetts or China.  Accordingly, the court finds that Defendants' minimal contacts with South Carolina do not constitute a *substantial part of the events* giving rise to Plaintiff's claim.

Furthermore, in a breach of contract case, the claim generally arises for § 1391(b)(2) purposes in the "place of intended performance."  *Decker Coal Co. V. Commonwealth Edison Co.*, 805 F.2d 834, 842 (v1986).  In this instance, the agreement that was allegedly breached was an agreement to keep information confidential; not to perform an action in any particular place.  And, while the Visitor's Confidentiality Agreement provided for South Carolina law to govern its interpretation and indicated consent to the jurisdiction of South Carolina courts upon breach of the agreement, the agreement says nothing about venue. [*See*, Doc 1-2.]  In order for a forum selection clause to establish exclusive venue, the language must be mandatory and not permissive.  *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989).  While the provision in the Visitor's Confidentiality Agreement may establish that jurisdiction is proper in South Carolina, it does not establish that venue elsewhere is not proper.  A permissive forum selection clause does not preclude the selection of another forum unless the agreement specifies the preselected forum as exclusive. *See Leasing Servs. Corp. v. Patterson Enters.*, 633 F.Supp. 282 (S.D.N.Y.1986); *G.H. Miller & Co. v. Hanes, 566 F.Supp.* 305 (N.D.Ill.1983).  If the contract used mandatory terms such as "shall" or "must," it might limit venue to South Carolina. *Scott v. Guardsmark*

*Sec.*, 874 F. Supp. 117 (D.S.C. 1995) (internal citations omitted). However, consenting to jurisdiction in a particular court does not make venue improper in another court.

Naturally, federal courts are equally equipped to apply state law when the applicable law is not complex. *See, e.g., Burns v. Gerber Prods. Co.,* No. 12-cv-5027-EFS, 2013 U.S. Dist. LEXIS 18981, *8–9, 2013 WL 518664 (E.D. Wash. Feb.12, 2013) (finding courts in the Eastern District of Washington and the District of New Jersey equally competent at applying state law when the state law was not complex or specialized). Additionally, many courts are also hesitant to defer to a Plaintiff's choice of forum when the case lacks strong ties to that district. *See J. Nordquist, Inc. V. Blackham*, No. 06-cv-5433-FDB, 2006 WL 2597931, *3 (W.D. Washington, 2006) ("the degree to which courts defer to plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice lacks a significant connection to the activities alleged in the complaint").

Furthermore, given the allegations made and the claims raised by FTI, severance and partial transfer would require the same issues to be litigated in two different places and would thus amount to a waste of judicial resources. "Many courts have recognized that severance is inappropriate when 'the conduct of a co-defendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer.'" *Bar T Timber, Inc. v. Pac. Fibre Prod.*, No. CV-13-30-BLG-CSO, 2013 WL 5209962, at *7 (D. Mont. Sept. 13, 2013) (*quoting Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 34 (3d Cir.1993)); *see also Celsion Corp. v. Stearns Mgmt. Corp.*, No. 00-cv-1214-CCB, 2001 WL 55456 (D.Md. 2001) ("Where venue is appropriate as to some defendants but not others, courts prefer a transfer to an appropriate venue over severance of the case").

14

Consequently, the Court finds that venue in the District of South Carolina is improper over FTI's claims under §1391(b)(2).

c.    **Pendant Venue over Patent Claims**

Plaintiff also argues the Court should exercise its discretion and keep the patent claim in South Carolina based on the doctrine of pendent venue. [*Id.* at 31–33.]  Although courts have traditionally held that venue must be appropriate for each claim, a court may, in its discretion, hear claims as to which venue is lacking if those claims arise out of the same common nucleus of operative fact as other claims to which venue is proper. *See, e.g., C.H. James & Co. v. Federal Food Marketers Co.*, 927 F.Supp. 187, 189 (S.D.W.Va. 1996).  The touchstones of the doctrine of "pendent venue" are "judicial economy, convenience, avoidance of piecemeal litigation, and fairness to the litigants." *Id.* at 190. This doctrine has been applied to assert venue over pendent state law claims or another federal claim after venue has been established as to the principal federal law claim, so long as all of the claims arise from the same nucleus of operative fact. *See Banfield v. UHS Home Attendants, Inc.*, 96-cv-4850-JFK, 1997 WL 342422, at *2 (S.D.N.Y. June 23, 1997) ("[A] federal court may in its discretion hear pendent claims which arise out of the same nucleus of operative fact as a properly venued federal law claim, even if venue of the pendent claim otherwise would not lie."); *Dooley v. United Techs. Corp.*, 786 F.Supp. 65, 81 (D.D.C.1992) (applying the doctrine of "pendent venue" to pendent state law claims once venue was established for the RICO claim); *Egan v. Duell*, No. 88 C 4388, 1989 WL 36206, at *4 (N.D.Ill. Apr.13, 1989) (applying the doctrine of "pendent venue" to both state law and federal claims after venue was established as to the principal federal claim); *Washington v. General Elec. Corp.*, 686 F.Supp. 361, 362 (D.D.C.1988) (noting that venue

15

must be established for the principal cause of action in order for the doctrine of "pendent venue" to apply); *United States v. Trucking Management, Inc.*, CIV. No. 74–453, 1979 WL 278, at \*11 (D.D.C. July 17, 1979) ("The doctrine of pendent venue is applied sparingly and usually in cases in which common law claims are jurisdictionally pendent to federal claims.").

Although the claims against the Defendants are related to each other, the case law does not support an assertion of venue over the principal, federal law claim for patent infringement pursuant to the doctrine of "pendent venue" based upon a finding of proper venue over the pendent state law claims. *See, e.g., Nine Point Mesa of Nashville, Inc. v. Nine Point Mesa of Lexington, Inc.*, 769 F.Supp. 259, 263 & n. 4 (M.D.Tenn.1991) (refusing to apply the doctrine of "pendent venue" when venue was proper as to the state law claim but not as to the federal claim). To the contrary, the Court finds venue to be improper as to both the federal and state claims in this case. Consequently, this Court declines to exercise venue over Plaintiff's patent infringement claim under the doctrine of "pendent venue."

## 2.    Transfer

As explained above, venue over Plaintiff's claims is improper in this District. Thus, having decided that venue is improper, the Court must next consider (1) whether dismissal of this case or transfer of the action should be ordered, and (2), if the action is transferred, which judicial district is the proper venue.

The venue statute requires district courts to dismiss a case filed in an improper venue; alternatively, a court may, in the interest of justice, transfer the case to an appropriate district.    28 U.S.C. § 1406(a).    Under the plain language of § 1406(a), dismissal–and not transfer–is the default disposition of a case filed in an improper venue. When evaluating the propriety of a transfer, rather than a dismissal, within the context of § 1404, the "interest of justice" has been interpreted to include such factors as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties and the possibility of harassment." *Bd. of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988).

Transfer, unlike dismissal, potentially restricts a plaintiff's ability to choose a proper venue, and so transfer should occur only when relevant factors show the transfer will serve the interest of justice.    The decision whether to transfer or dismiss a case is committed to the sound discretion of the district court. *United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir.1981).    For example, it is within the district court's discretion to deny a request to transfer a case if it determines that "the plaintiff's attorney could reasonably have foreseen that the venue in which he filed was improper." *Jarrett v. North Carolina,* 868 F.Supp. 155, 160–61(D.S.C. 1994) *(citing Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993).    On the other hand, numerous courts have determined that it is in the interest of justice to transfer a case to a proper forum rather than dismiss a case where the statute of limitations might prevent a plaintiff from commencing a new suit in the proper forum. *See*

*Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n. 7 (1965); *see also* 14D Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3827 n.31 (3d ed. 2011) (collecting cases).

Here, the Court finds it was reasonable for Plaintiff's to believe venue was proper in this District as the product at issue was invented and developed here, Plaintiff's place of business is here, and Defendants signed a visitor's confidentiality agreement agreeing that this was the proper jurisdiction for disputes regarding breach of that agreement. While Plaintiff has not alleged that any claims will be barred by the statute of limitations if the case is dismissed, out of an abundance of caution, the Court will transfer this action rather than dismissing the case for improper venue.

Further, the Court finds that transfer of this action to the United States District Court for the District of Delaware is proper. Base on the above analysis of the venue statute and case law, as applied to this case, this Court finds that venue is proper in the District of Delaware under §1400(b), and it is Plaintiff's choice of forum. [*See* Doc. 21 at 35.]

**3. Motion to Dismiss 12(b)(6)**

As explained in detail above, venue in this judicial district over both Plaintiff's federal and state law claims is improper under §§ 1400(b) and 1391(b) and transfer of this action to the United States District Court for the District of Delaware is proper. Accordingly, the Court declines to address Plaintiff's Motion to Dismiss under Rule 12(b)(6).

<u>**RECOMMENDATION**</u>

Wherefore, based on the foregoing, the Court recommends that Defendants' Motion to Dismiss for Improper Venue or Transfer Venue and to Dismiss for Failure to State a Claim [Doc. 16] be GRANTED in part and DENIED in part. The Court recommends that Defendants' motion to dismiss for improper venue be DENIED; Defendants' motion to

18

transfer be GRANTED and that this action be transferred to the United States District Court for the District of Delaware; and Defendants' motion to dismiss for failure to state a claim be DENIED without prejudice and with leave to refile in the proper venue.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 14, 2018
Greenville, South Carolina

19