IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLEXIBLE TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 18-348 (CFC) |
| SHARKNINJA OPERATING, LLC, | ) | |
| SHARKNINJA MANAGEMENT | ) | |
| COMPANY and SHARKNINJA SALES | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants SharkNinja Operating, LLC, SharkNinja Management Company and SharkNinja Sales Company (sometimes collectively referred to as "SharkNinja") hereby file this Answer to the Complaint filed by Plaintiff Flexible Technologies, Inc. ("FTI").

## I.

## ANSWER TO FTI'S ALLEGATIONS

### A.   INTRODUCTION

SharkNinja denies the allegations in the Introduction to the Complaint.

### B.   PARTIES

1.      SharkNinja is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and therefore denies those allegations.

2.      SharkNinja admits that SharkNinja Operating Company is a company duly organized and existing under the laws of the State of Delaware, but denies that the principal

place of business of SharkNinja Operating Company is now located at 180 Wells Avenue, Newton, MA 02459.

3.       SharkNinja admits that SharkNinja Management Company is a company duly organized and existing under the laws of the State of Delaware and existing under the laws of the State of Delaware, but denies that the principal place of business of SharkNinja Management Company is now located at 180 Wells Avenue, Newton, MA 02459.

4.       SharkNinja admits that SharkNinja Sales Company is a company duly organized and existing under the laws of the State of Delaware, but denies that the principal place of business of SharkNinja Sales Company is now located at 180 Wells Avenue, Newton, MA 02453.

5.       SharkNinja denies the allegations in Paragraph 5 of the Complaint.

**C.      NATURE OF THE ACTION**

6.       SharkNinja admits that FTI purports to assert in its Complaint actions for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101, et. seq., for trade secret misappropriation under South Carolina's Trade Secret Act.  (South Carolina Code § 39-8-10 et. seq.) and the Defend Trade Secrets Act, 18 U.S.C. §§ 1831 et seq., for a breach of contract, and for other violations of state law, seeking damages, injunctive relief, attorneys' fees and such other relief as the Court deems just and proper, but denies that FTI has actually stated a claim on which the relief sought by FTI may be granted.

**D.      JURISDICTION AND VENUE**

7.       SharkNinja admits that the Court in which the Complaint was filed had subject matter jurisdiction and that this Court has subject matter jurisdiction over FTI's claims remaining after this Court's Order dated March 29, 2019.

8.       SharkNinja denies the allegations stated in Paragraph 8 of the Complaint.

9.      SharkNinja denies the allegations stated in Paragraph 9 of the Complaint.

10.     SharkNinja denies the allegations stated in Paragraph 10 of the Complaint.

11.     SharkNinja is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and therefore denies those allegations.

12.     SharkNinja is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and therefore denies those allegations.

13.     SharkNinja is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and therefore denies those allegations.

14.     SharkNinja admits that FTI was awarded United States Patent No. 7,156,127, entitled "Current Carrying Stretch Hose (the '127 Patent") and that a copy of the '127 patent is attached to the Complaint as Exhibit A.  With regard to the third sentence of Paragraph 14 of the Complaint, SharkNinja is without knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies those allegations.  SharkNinja denies the allegations in the fourth sentence of Paragraph 14 of the Complaint.

15.     SharkNinja is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and therefore denies those allegations.

16.     SharkNinja is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and therefore denies those allegations.

17.     SharkNinja is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore denies those allegations.

18.     SharkNinja denies the allegations stated in Paragraph 18 of the Complaint.

19.     SharkNinja denies the allegations stated in Paragraph 19 of the Complaint.

20.     SharkNinja denies the allegations stated in Paragraph 20 of the Complaint.

21.     SharkNinja denies the allegations stated in Paragraph 21 of the Complaint.

22.     SharkNinja denies the allegations stated in Paragraph 22 of the Complaint.

23.     SharkNinja denies the allegations stated in the first sentence of Paragraph 23 of the Complaint.

24.     SharkNinja admits that Jessica Kornfeld signed the Visitor's Confidentiality Agreement attached to FTI's Complaint as Exhibit B; but SharkNinja denies the other allegations stated in Paragraph 24 of the Complaint.

25.     SharkNinja denies the allegations stated in Paragraph 25 of the Complaint.

26.     SharkNinja admits that Jessica Kornfeld visited an FTI factory in 2011 (albeit in November, not October), but denies the other allegations stated in Paragraph 26 of the Complaint.

27.     SharkNinja admits that by early 2014, SharkNinja had not placed any purchase orders with FTI.   SharkNinja denies the other allegations stated in Paragraph 27 of the Complaint.

28.     SharkNinja admits that in 2014, it launched sales of the Shark Rotator Powered Lift-Away™ vacuum cleaner, but SharkNinja denies the other allegations stated in Paragraph 28 of the Complaint.

29.     SharkNinja admits that it has imported stretch hoses manufactured by Jinhua Chunguang Rubber and Plastic Hose Co., Ltd.; but SharkNinja denies the other allegations stated in Paragraph 29 of the Complaint.

30.     SharkNinja denies the allegations stated in Paragraph 30 of the Complaint.

31.     SharkNinja admits it has published advertisements on the Internet that contained the language quoted in Paragraph 31 of the Complaint but denies the other allegations stated in Paragraph 31 of the Complaint.

32.     Given the redactions in the quote in Paragraph 32 of the Complaint, SharkNinja is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and therefore denies those allegations.

33.     SharkNinja denies the allegations stated in Paragraph 33 of the Complaint.

**E.     COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,156,127**

34.     SharkNinja incorporates and re-alleges paragraph 1-33 above as if fully set forth herein.

35.     SharkNinja denies the allegations stated in Paragraph 35 of the Complaint.

36.     SharkNinja is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint and therefore denies those allegations.

37.     SharkNinja denies the allegations stated in Paragraph 37 of the Complaint.

38.     SharkNinja denies the allegations stated in Paragraph 38 of the Complaint.

39.     SharkNinja denies the allegations stated in Paragraph 39 of the Complaint.

40.     SharkNinja denies the allegations stated in Paragraph 40 of the Complaint.

41.     SharkNinja denies the allegations stated in Paragraph 41 of the Complaint.

42.     SharkNinja denies the allegations stated in Paragraph 42 of the Complaint.

43.     SharkNinja denies the allegations stated in Paragraph 43 of the Complaint.

44.     SharkNinja denies the allegations stated in Paragraph 44 of the Complaint.

45.     SharkNinja denies the allegations stated in Paragraph 45 of the Complaint.

**F.     COUNT 2 – TRADE SECRET MISAPPROPRIATION UNDER SOUTH CAROLINA CODE SECTION 39-8-10 ET SEQ.**

46.     SharkNinja incorporates and re-alleges paragraph 1-45 above as if fully set forth herein.

47.     SharkNinja denies the allegations stated in Paragraph 47 of the Complaint.

48.     SharkNinja denies the allegations stated in Paragraph 48 of the Complaint.

49.     SharkNinja denies the allegations stated in Paragraph 49 of the Complaint.

50.     SharkNinja denies the allegations stated in Paragraph 50 of the Complaint.

51.     SharkNinja denies the allegations stated in Paragraph 51 of the Complaint.

52.     SharkNinja denies the allegations stated in Paragraph 52 of the Complaint.

53.     SharkNinja denies the allegations stated in Paragraph 53 of the Complaint.

**G.     COUNT 3 – TRADE SECRET MISAPPROPRIATION UNDER DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836**

54.     SharkNinja incorporates and re-alleges Paragraphs 1-53 above as if fully set forth herein.

55.     SharkNinja denies the allegations stated in Paragraph 55 of the Complaint.

56.     SharkNinja denies the allegations stated in Paragraph 56 of the Complaint.

57.     SharkNinja denies the allegations stated in Paragraph 57 of the Complaint.

58.     SharkNinja denies the allegations stated in Paragraph 58 of the Complaint.

59.     SharkNinja denies the allegations stated in Paragraph 59 of the Complaint.

60.     SharkNinja denies the allegations stated in Paragraph 60 of the Complaint.

61.     SharkNinja denies the allegations stated in Paragraph 61 of the Complaint.

62.      SharkNinja denies the allegations stated in Paragraph 62 of the Complaint.

**H.      COUNT 4 – BREACH OF AGREEMENT**

63.      SharkNinja incorporates and re-alleges Paragraphs 1-63 above as if fully set forth herein.

64.      SharkNinja denies the allegations stated in Paragraph 64 of the Complaint.

65.      SharkNinja denies the allegations stated in Paragraph 65 of the Complaint.

66.      SharkNinja denies the allegations stated in Paragraph 66 of the Complaint.

67.      SharkNinja denies the allegations stated in Paragraph 67 of the Complaint.

68.      SharkNinja denies the allegations stated in Paragraph 68 of the Complaint.

69.      SharkNinja denies the allegations stated in Paragraph 68 of the Complaint.

70.      SharkNinja denies the allegations stated in Paragraph 70 of the Complaint.

71.      SharkNinja denies the allegations stated in Paragraph 71 of the Complaint.

**I.      COUNT 5 – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

72.      SharkNinja incorporates and re-alleges Paragraphs 1-71 above as if fully set forth herein.

73.      Given the Court's dismissal of this Count 5, no response to Paragraph 73 of the Complaint is required.

74.      Given the Court's dismissal of this Count 5, no response to Paragraph 74 of the Complaint is required.

**J.      COUNT 6 – UNJUST ENRICHMENT**

75.      SharkNinja incorporates and re-alleges Paragraphs 1-74 above as if fully set forth herein.

76.      SharkNinja denies the allegations stated in Paragraph 76 of the Complaint.

77.      SharkNinja denies the allegations stated in Paragraph 77 of the Complaint.

78.     SharkNinja denies the allegations stated in Paragraph 78 of the Complaint.

79.     SharkNinja denies the allegations stated in Paragraph 79 of the Complaint.

80.     SharkNinja denies the allegations stated in Paragraph 80 of the Complaint.

**K.     PRAYER FOR RELIEF**

SharkNinja denies that FTI is entitled to any of the relief it seeks.

## II.

## DEFENSES

Subject to the responses above, SharkNinja alleges and asserts the following defenses in response to FTI's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.   In addition to the defenses described below, subject to the responses above, SharkNinja specifically reserves all rights to allege additional defenses that become known during the course of discovery.

## DEFENSE 1:  FAILURE TO STATE A CLAIM

The Complaint fails to state a claim against SharkNinja upon which relief may be granted.

## DEFENSE 2:  NONINFRINGEMENT

SharkNinja does not and has not infringed, either directly or indirectly, any valid and enforceable claim of the '127 Patent, either literally or under the doctrine of equivalents, or willfully or in any other manner.

## DEFENSE 3:  INVALIDITY

The '127 Patent is invalid and void for failure to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### DEFENSE 4:  PROSECUTION HISTORY ESTOPPEL/DISCLAIMER

FTI is estopped from construing any valid claim of the '127 Patent to cover or include, either literally or by application of the doctrine of equivalents, any accused SharkNinja products because of admissions and/or statements made to the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the '127 Patent.

### DEFENSE 5:  OTHER EQUITABLE DEFENSES

Upon information and belief, FTI is barred, in whole or in part, from asserting infringement of one or more claims of the '127 Patent based on the doctrine of acquiescence and/or any other equitable remedy.

### DEFENSE 6:  GOOD FAITH

SharkNinja has engaged in all relevant activities in good faith, thus precluding FTI, even if it prevails, from recovering attorneys' fees and/or costs under 35 U.S.C. § 285.

### DEFENSE 7:  LIMITATION ON DAMAGES AND COSTS

FTI's claims for damages and costs are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### DEFENSE 8:  ADEQUATE REMEDY AT LAW

FTI is not entitled to injunctive relief because any alleged injury to FTI is not immediate and/or irreparable, and FTI has an adequate remedy at law.

### DEFENSE 9:  EXHAUSTION

Upon information and belief, FTI is barred from recovery by the doctrines of exhaustion and/or first sale.

### DEFENSE 10:  LIMITATION

FTI's claims are barred by applicable statutes of limitations.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Defendants*

OF COUNSEL:

Robert W. Kantner
JONES DAY
2727 North Harwood Street
Dallas, TX  75201
(214) 220-3939

Tracy A. Stitt
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939

April 12, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 12, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 12, 2019, upon the following in the manner indicated:

Kenneth L. Dorsney, Esquire                          *VIA ELECTRONIC MAIL*
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801-1494
*Attorneys for Plaintiff*

Jeffrey M. Fisher, Esquire                            *VIA ELECTRONIC MAIL*
Deepak Gupta, Esquire
Winston Liaw, Esquire
FARELLA BRAUN + MARTELL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)